IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| BERNETTA LASHAY WILLIS, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Civil Action No. 2:16cv603-MHT |
| | ) [WO] |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Respondent. | ) |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

**I.   INTRODUCTION**

Before the court is the 28 U.S.C. § 2255 motion filed May 25, 2016,[1] by federal inmate Bernetta Lashay Willis ("Willis"). Doc. # 1.  In March 2007, a jury found Willis guilty of conspiring to defraud the government (18 U.S.C. § 371) and multiple counts of theft of government property and filing false claims (18 U.S.C. §§ 641 and 287) for submitting fraudulent applications for FEMA aid.  The jury also found Willis guilty of aggravated identity theft (18 U.S.C. § 1028A(a)(1)), threatening a federal witness (18 U.S.C. § 1512(a)(2)(A)), brandishing a firearm during a crime of violence (18 U.S.C. § 924(c)(1)(A)(ii)), distributing marijuana (21

---

[1] The docket sheet reflects that the motion to vacate was filed on July 21 2016.  Willis contends that she mailed the motion to the court on May 25, 2016.  (Doc. # 1 at 96)  Under the prisoner mailbox rule, a pro se prisoner's filing is considered to be filed on the date the prisoner delivers the filing to prison authorities for mailing. *See Houston v. Lack*, 487 U.S. 266, 275-76 (1988).  Because the date the motion was filed is of no consequence in this case, the court will not further discuss it.

U.S.C. § 841(a)(1)), possessing a firearm in furtherance of a drug trafficking crime (18 U.S.C. § 924(c)(1)(A)), and making false statements to a U.S. Marshal (18 U.S.C. § 1001(a)(2)). In January 2008, the district court sentenced Willis to 516 months in prison.[2] *See United States v. Willis*, Case No. 2:06cr71-MEF. In her § 2255 motion, Willis raises numerous claims of judicial misconduct, trial error, and ineffective assistance of trial and appellate counsel. In addition, she contends that the U.S. Supreme Court's holding in *Johnson v. United States*, 576 U.S. ___, 135 S. Ct. 2551 (2015),[3] invalidates her conviction for brandishing a firearm during a crime of violence, in violation of 18 U.S.C. § 924(c) )(1)(A). For the reasons that follow, Willis's motion is due to be dismissed as a successive § 2255 motion.

## II.   DISCUSSION

This is the third § 2255 motion filed by Willis attacking the judgment of conviction and sentence in Case No. 2:06cr71-MEF. Willis filed her first § 2255 motion in September 2009. *See Willis v. United States*, Civil Action No. 2:09cv930 (Doc. # 1). On April 6, 2012, this court denied Willis's § 2255 motion and dismissed

---

[2] In December 2012, Willis's sentence was reduced under 18 U.S.C. § 3582(c)(2) to 505 months in prison based on Amendment 750 to the U.S. Sentencing Guidelines.

[3] In *Johnson*, the Supreme Court held that the "residual clause" of the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e)(2)(B), was unconstitutionally vague because it "denie[d] fair notice to defendants and invite[d] arbitrary enforcement by judges." 135 S.Ct. at 2557. The portion of the ACCA that the Court found unconstitutionally vague defined "violent felony" to include an offense that "otherwise involves conduct that presents a serious potential risk of physical injury to another." *Id*. at 2555–56 (emphasis omitted) (quoting 18 U.S.C. § 924(e)(2)(B)(ii)).

her action with prejudice. *Id.* (Doc. # 38, 40, and 41 (Recommendation of Magistrate Judge; Order Adopting Recommendation; and Final Judgment)).

In November 2015, Willis filed what she styled as a motion for relief from judgment under Rule 60(b) of the Federal Rules of Civil Procedure, which this court summarily dismissed as a successive § 2255 motion filed without the required appellate court authorization. *See Willis v. United States*, Civil Action No. 2:15cv891-MHT ((Doc. # 1, 7, 9, and 10). Alternatively, this court held that if Willis's motion was treated, as styled, as a Rule 60(b) motion, it was time-barred and without merit. *Id.*

The Antiterrorism and Effective Death Penalty Act ("AEDPA") provides that, to file a second or successive § 2255 motion in the district court, the movant must first move in the appropriate court of appeals for an order authorizing the district court to consider the motion. *See* 28 U.S.C. § 2244(b)(3)(A). The appellate court, in turn, must certify that the second or successive § 2255 motion contains "(1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." *See* 28 U.S.C. § 2255(h).

"The bar on second or successive [§ 2255] motions is jurisdictional." *In re Morgan*, 717 F.3d 1186, 1193 (11th Cir. 2013). A federal district court lacks jurisdiction to consider a successive § 2255 motion where the movant fails to obtain the requisite permission from the appellate court to file a successive motion. *Farris v. United States,* 333 F.3d 1211, 1216 (11th Cir. 2003). Willis has not provided the required certification from the Eleventh Circuit, and there is no indication in the record that Willis has obtained the required certification authorizing this court to consider her successive § 2255 motion. Accordingly, this court lacks jurisdiction to consider Willis's successive § 2255 motion, and the motion is due to be dismissed for lack of jurisdiction. *See, e.g., Farris*, 333 F.3d at 1216; *Boone v. Secretary, Dept. of Corrections*, 377 F.3d 1315, 1317 (11th Cir. 2004).

### III.   CONCLUSION

Accordingly, it is the RECOMMENDATION of the magistrate judge that the § 2255 motion be dismissed for lack of jurisdiction, as Willis has failed to obtain the requisite order from the Eleventh Circuit Court of Appeals authorizing this court to consider a successive § 2255 motion.

It is further

ORDERED that the parties shall file any objections to this Recommendation or before February 2, 2018. A party must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made; frivolous,

conclusive, or general objections will not be considered. Failure to file written objections to the Magistrate Judge's findings and recommendations under the provisions of 28 U.S.C. § 636(b)(1) will bar a party from a *de novo* determination by the District Court of legal and factual issues covered in the Recommendation and waives the right of the party to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11th Cir. R. 3-1. *See Stein v. Lanning Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc).

Done this 19th day of January, 2018.

                       /s/Charles S. Coody
                       CHARLES S. COODY
                       UNITED STATES MAGISTRATE JUDGE